Bernard Ryan, P. J.
Claimants sue to recover the value of a barn, destroyed by fire, which was situate on Versailles Plank Road, Cattaraugus Indian Reservation. Their damages were pleaded at $1,500 but the claim was amended to demand $3,467.25, which figure was testified to as the reproduction cost of the building less 50% depreciation. Such testimony was given by a real estate and insurance broker, not by a builder or construction estimator. The witness had no measurements to use as the basis of his estimate other than a rough one of the perimeter of the foundation of the building after it was burned. Inasmuch as the defense offered no testimony on the value of the destroyed building, either by replacement cost estimate or otherwise, it might seem that if we were going to make an award herein we might be bound by the figure demanded. However, in view of the actual rental being paid to the owners prior to the destruction of the building, and considering the general description of the building and its surroundings, given in other testimony, we believe that an award herein of $2,500 would be fair and reasonable. However, the claimants have not established a cause of action against the State of New York.
Claimants used the building for the storage of discarded farm tools and other personal property, which had belonged to their deceased father. There is also a suggestion that a person named Bennett owned some of the personal property. Claimants also leased the barn to the State of New York at the rate of $5 per month for the storage of a dump truck used by the State Department of Public Works in highway maintenance. There was a hasp on the door and a padlock and the State’s employee, Wheeler, the operator of the truck, had one key to the padlock and the claimant Button had another. *329 The State did not store anything in the barn except the truck. No oil drums were stored in the barn by the State, nor by anybody else, and the only gasoline in the barn was in the tank of the truck. The truck was in good mechanical shape except that the gasoline gauge was not working. On two or three occasions the barn had been broken into but Wheeler testified that he did not notice that any gasoline was missing from the truck.
At about 11:00 o’clock on the night of May 4, 1956 the claimant Button, who lived in the house on the premises where the barn was situated, heard the barn door open and about two or three o’clock in the morning she was awakened by the neighborhood dogs barking. She was dozing a little later when she heard a car start up and make a fast get-away and at about 5:00 o’clock in the morning she heard an explosion and then, looking out .of the window, she saw something bright and found the barn ablaze. The building and the contents were destroyed.
Upon the foregoing facts claimants ask this court to hold the State of New York liable for their loss. This upon the theory of res ipsa loquitur. Claimants’ counsel argues that “ The instrumentality that caused the explosion and fire was the truck, not the barn, and there is no dispute but what the State of New York had complete control of the instrumentality i.e. truck.”
This argument hardly conforms to common experience. If motor vehicles, trucks or others, standing idly in barns or garages are expected to explode, fire departments will be obliged to increase their manpower and insurance rates are likely to go up. Indeed, the proof tendered by claimants defeats their contention. It is to the effect that some vandal broke into the barn. What that individual’s intent was and whether or not the explosion and the fire were a successful culmination of his purpose are subjects for pure speculation. Was there any duty upon the State of New York to post a watchman at the barn to prevent the forcible entry? We think not, although counsel argues that Wheeler’s knowledge of the two or three previous occasions when the barn had been broken into required the State to take additional security precautions. Perhaps local peace officers should have been more vigilant if they were aware that thievery was going on at the premises. But how could the State Department of Public Works or its officers and employees have anticipated that the next attempt to steal gasoline from the fuel tank in the truck would result in an explosion?
*330 Upon the whole case claimants have not made out a cause of action against the State of New York and the claim must be dismissed.
Let judgment be entered accordingly.